UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
OHIO & VICINITY CARPENTERS' :
FRINGE BENEFIT FUNDS, INC., :
:
        Plaintiff, : CASE NO. 1:12-CV-1785
:
:
vs. : OPINION & ORDER
: [Resolving Doc. 10]
R&R CONTRACTORS, LLC, :
:
:
        Defendants. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    On October 16, 2012, Defendant R&R Contractors, LLC ("R & R") filed a self-styled "Objection for motion for default judgment . . . ." [Doc. 10.] R & R's "Objection" asks the Court to vacate its October 16, 2012, entry of default judgment against R & R for failure to pay fringe benefit contributions to Plaintiff Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc. ("Carpenter's Fund"). [*Id.*] Carpenter's Fund had filed a complaint, [doc. 1,] and motion for default judgement, [doc. 7,] against R & R, yet R & R failed to answer. Thus, the Court entered default judgement. [Doc. 9.]

    Now, R & R says that it satisfied its obligations to Carpenter's Fund, and thus, the Court should vacate its default judgement and dismiss the case. [Doc. 10.] But construing R & R's "Objection" as a motion to set aside judgment under Federal Rule of Civil Procedure 60(b), the

Case No. 1:12-CV-1785
Gwin, J.

Court **DENIES** R & R's motion for the reasons below.

First, in July 2012, Carpenter's Fund properly served its summons and complaint on R & R for failure to pay certain fringe benefit contributions. [Doc. 7 at 1; Doc. 9 at 1.] Under Federal Rule of Civil Procedure 55, a Court may enter default judgement when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Here, R & R did not respond to Carpenter's Fund's complaint. Thus, the Court finds that its October 16, 2012, entry of default judgment against R & R was proper.

Second, R & R is a corporation, and thus, it cannot participate in litigation except through counsel. *See Taylor Steel, Inc. v. Keeton* 417 F.3d 598, 604 (6th Cir. 2005) (holding that corporations must be represented by counsel, not by corporate officeholders). Here, R & R admits it filed its motion "without counsel." [Doc. 10 at 1.] Further, a representative of R & R, Debra Rigdon, signed its motion. [*Id.*] Thus, the Court finds that R & R improperly filed its motion because R & R cannot proceed in this case without counsel.

Third, even if the R & R could proceed without counsel, its motion does not identify a basis for relief under Federal Rule of Civil Procedure 60. Under Rule 60, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for six specific reasons. Fed. R. Civ. P. 60(b). In addition, R & R, as the moving party, bears the burden of showing adequate grounds for relief and must show that its case fits within Rule 60(b). *Lewis v. Alexander,* 987 F. 2d 392, 396 (6th Cir. 1993) (explaining that the moving party must establish that the facts of its case justify relief under Rule 60(b)); *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir. 1986) (noting it is the burden of the moving party to "bring himself within the provisions of Rule 60(b)"). Beyond the bare conclusion that it had satisfied its obligations to Carpenter's Fund, R & R does not

Case No. 1:12-CV-1785
Gwin, J.

identify any grounds for relief under Rule 60. [Doc. 10 at 1.] Thus, the Court finds that R & R has

failed to  meets its Rule 60(b) obligations.

      For the reasons above, R & R's motion to vacate the Court's default judgment is **DENIED.**

      IT IS SO ORDERED.


Dated: January 29, 2013                         *s/     James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE